# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**COLLEEN DAVIS,**

        **Plaintiff,**

**-vs-**          **Case No. 6:06-cv-1249-Orl-28KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES (Doc. No. 41)** |
| **FILED:** | **March 10, 2009** |

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S PETITION FOR AUTHORIZATION TO CHARGE A REASONABLE FEE PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 42)** |
| **FILED:** | **March 10, 2009** |

## I. INTRODUCTION.

Plaintiff Colleen Davis seeks an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. On April 6, 2007, the Court granted the Defendant Commissioner of Social Security Administration's (the "Commissioner") motion to remand the case

for further proceedings under sentence six of 42 U.S.C. § 405(g). Doc. Nos. 15, 16. On December 5, 2007, the Court granted the Commissioner's motion to re-open the case after completion of the remand proceedings. Doc. Nos. 28, 29. Davis contended that the Commissioner failed to comply with the requirements of the Court's remand order and, on March 6, 2008, the Court again remanded the case instructing the Commissioner to conduct a *de novo* hearing on the complete record. Doc. Nos. 32, 33. On February 24, 2009, the Court granted the Commissioner's motions to re-open the case, to affirm the Commissioner's decision in favor of Davis subsequent to remand, and for entry of judgment. Doc. Nos. 36, 39. Judgment was entered in favor of Davis and against the Commissioner on February 24, 2009. Doc. No. 40.

Davis filed the instant petition for attorney's fees under the EAJA on March 10, 2009. Doc. No. 41. The Commissioner filed an opposition to Davis' petition on March 24, 2009. Doc. No. 43. The Commissioner does not dispute Davis' status as the prevailing party, that her application for fees was timely or proper, or that the Commissioner's position was not substantially justified, but does dispute the proposed hourly rate and number of hours for which counsel for Davis seeks fees. *Id.* at 2. Davis' motion is ripe for consideration.

Davis' attorney, Richard Culbertson, Esq., also filed a petition for authorization of an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. No. 42. The Commissioner has not responded to the motion as of the writing of this Report and Recommendation, and the time for doing so has passed. Culbertson's motion is ripe for consideration.

**II.  EAJA FEES.**

Attorney Culbertson seeks $3,775.36 in attorney's fees for 21.7 hours of work: 2.4 hours performed by Attorneys Culbertson and Sarah Bohr in 2006; 14.3 hours performed by Attorneys Culbertson and Thomas Rice in 2007; 3.2 hours performed by Attorney Culbertson in 2008; and 1.8 hours performed by Attorneys Culbertson and Bohr in 2009.  Doc. No. 41 at 7-12.

*A.     Hourly Rate.*

The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI).  28 U.S.C. § 2412(d)(2)(A).  Davis asserts that the $125.00 cap should be adjusted based on a 39.18% increase from the March 1996 CPI, 155.7, to the October 2008 CPI, 216.71.[1]  Doc. No. 41-2 at 6.  Based on this 39.18% increase, Davis requests fees at an hourly rate of $173.98 for all attorney work performed from 2006 through 2009.   Doc. No. 41 at 5; Doc. No. 41-2 at 4, 6.

The Commissioner argues that the hourly rate should be capped at $165.00.  Doc. No. 43 at 2.  In support of this argument, the Commissioner submitted an order from *Coffman v. Astrue*, Case No. 8:07-cv-1416-T-TGW, wherein Magistrate Judge Thomas G. Wilson rejected a request for $171.38 per hour for work done in 2008, and awarded $165.00 per hour for work done in 2007 and 2008.  Doc. No. 43-2 at 4.  While I concur with Judge Wilson that the hourly rates paid to many lawyers working in public service, including appointed criminal defense lawyers in capital cases and Magistrate Judges, are well below the rate that would be reasonable for private practitioners, I do not

---

[1] Davis cites to "Exhibit 1" for the October 2008 CPI, Doc. No. 41-2 at 6, but no such exhibit was attached to her motion.

find hourly rates in excess of $165.00 per hour to be unreasonable *per se* for lawyers in social security cases.

According to The Florida Bar website, Attorney Culbertson was admitted to practice in Florida in 1991, Attorney Rice was admitted to practice in Florida in 1985, and Attorney Bohr was admitted to practice in Florida in 1978. This Court has found that reasonable hourly rates for attorneys with 18 or more years of experience exceed $165.00 per hour even in uncomplicated types of cases. Accordingly, while it would be the better practice to provide evidence of the reasonable hourly rate for each lawyer, in the form required by *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988), based on the complicated procedural history in this case and the experience of Plaintiff's attorneys, I find that this is not an appropriate case to limit the rates to $165.00 per hour.

Alternatively, the Commissioner asserts that Davis "improperly applied miscalculated 2009 rates to the work which was done in 2006, 2007 and 2008," and that the following hourly rates should apply: $161.25 per hour for work done in 2006, $166.25 per hour for work done in 2007, $172.50 per hour for 2008, and $167.50 per hour for 2009. *Id.* at 2, 6. Davis indicated she has "no objection to adjustment of the hourly rate to reflect the cost of living increase for each of the years during which this action has been pending." Doc. No. 44 ¶ 1.[2]

The Commissioner refers to "attached" Bureau of Labor Statistics data showing the annual average CPIs, Doc. No. 43 at 6, n.1, but no such data was attached to his response. Further, the calculations on page 6 of the Commissioner's response appear to be incorrect. For example, with

---

[2] M.D. Fla. Local Rule 3.01(c) prohibits replies or further memoranda directed to a motion or response absent leave of Court. Counsel is reminded that he must seek leave of Court to file a reply.

-4-

respect to the 2006 average, $125.00 per hour x 201.6/155.7 equals $161.85, not $161.25. Similarly, the rate for 2007 would be $166.46 ($125 x 207.342/155.7), the rate for 2008 would be $172.85 ($125 x 215.303/155.7), and the rate for 2009 would be $169.93 ($125 x 211.67[3]/155.7).

Accordingly, the Court awards a rate of $161.85 per hour for work performed in 2006, $166.46 per hour for work performed in 2007, $172.85 per hour for work performed in 2008, and $169.93 per hour for work performed in 2009.

### B. *Number of Hours.*

The Commissioner contends that some of the hours expended by Davis' attorneys are excessive and unreasonable. The Commissioner requests the following: (1) that 2.8 hours expended by Attorney Culbertson corresponding with Richard Schwartz's office in 2007 and 2008 be excluded as unnecessary or unreasonable; (2) that 1.9 hours expended by Attorney Rice on January 3, 2007, be excluded as clerical work (or reduced to 0.20 hours as unreasonable and excessive); and (3) that 0.20 hours expended by Attorney Culbertson to review and sign the objection prepared by Attorney Rice be excluded as duplicative. Doc. No. 43 at 8-11.

The Commissioner is correct that the 1.9 hours expended by Attorney Rice in making copies, preparing, delivering, and mailing summonses, and completing returns of service represent noncompensable clerical work. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed . . . regardless of who performs them."). Therefore, 1.9 hours should be excluded from the number of hours expended in 2007.

---

[3] It appears that this is the average of the January and February 2009 cost-of-living figures.

The Commissioner's objection to the 0.20 hours Attorney Culbertson spent reviewing the objection prepared by Attorney Rice is not well taken. It is permissible for lawyers to review and edit each other's work, and the amount of time Culbertson spent on this task was not unreasonable. The Commissioner's objection to the 2.8 hours Attorney Culbertson expended communicating with Richard Schwartz's office is also not well taken. Documents attached to the Commissioner's response indicate that Schwartz is an attorney who was copied on the Administrative Law Judge's Notice of Decision provided to Davis. Doc. No. 43-3. Schwartz represented Davis at the administrative level, the administrative proceedings affected Davis' case in this Court, and no attorney's fees are being requested for time spent by Schwartz. Doc. No. 44 ¶ 2. Further, it appears that Culbertson spent a majority of the 2.8 hours performing other tasks in addition to communicating with Schwartz, such as reviewing court orders and pleadings, and corresponding with Davis and the ALJ. Doc. No. 41 at 7-8.

I find that Attorneys Culbertson and Bohr reasonably worked 2.4 hours in 2006, Attorneys Culbertson and Rice reasonably worked 12.4 hours in 2007, Attorney Culbertson reasonably worked 3.2 hours in 2008, and Attorneys Culbertson and Bohr reasonably worked 1.8 hours in 2009. This would lead to an award of $388.44 for work performed in 2006, $2,064.10 for work performed in 2007, $553.12 for work performed in 2008, and $305.87 for work performed in 2009, totaling $3,311.53.

C. *Assignment of Fees.*

The United States Court of Appeals for the Eleventh Circuit has recently held that EAJA attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney. *Reeves v.*

*Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). Davis submitted a Retainer Agreement by which she assigned her right to any attorney's fees awarded under the EAJA to Attorney Culbertson. Doc. No. 41-3. Davis, being the individual entitled to any EAJA attorney's fees awarded by the Court, had the right to assign those fees to her counsel. *See, e.g., Turner v. Astrue*, No. 5:07cv09/RS-EMT, 2008 WL 2561966, at *2-3 (N.D. Fla. June 24, 2008).

Accordingly, I find that Attorney Culbertson is entitled to be paid $3,311.53 in attorney's fees by the Commissioner pursuant to the EAJA.

## III. 42 U.S.C. § 406(b) FEES.

Attorney Culbertson asserts that he is entitled to attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $10,990.74,[4] which represents 25% of past-due benefits awarded to Davis ($14,766.10)[5] minus the amount of EAJA fees he requested ($3,775.36). Doc. No. 42 at 1-2. Culbertson contends that this amount is reasonable because it is within the 25% maximum allowed by § 406(b), and it incorporates the requirement that the EAJA fees be refunded to Davis. *See Bergen v. Comm'r*, 454 F.3d 1273, 1277 (11th Cir. 2006) (when attorney's fees are awarded under both the EAJA and § 406(b), a social security claimant's attorney must "'refun[d] to the claimant the amount of the smaller fee.'") (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

---

[4] The first paragraph of Culbertson's petition indicates that he is seeking $8,793.00 in attorney's fees, which appears to be an error as the remainder of the petition and relevant calculations indicate Culbertson is seeking $10,990.74. Doc. No. 42 at 1, 2, 4.

[5] Culbertson submitted a Notice of Change in Benefits from the SSA which indicates the SSA withheld 25% of Davis' total past-due benefits, in the amount of $14,766.10, to pay her attorney. Doc. No. 42-3 at 2.

A. *Award of Fees Under § 406(b) Generally.*

Section 406(b)[6] provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id.* at (b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the United States Court of Appeals for the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Davis was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b).

---

[6] The payment of fees in SSI cases is governed by 42 U.S.C. § 1383(d). Originally, only § 406(a), which governs payment of fees for work performed at the administrative level, was incorporated into § 1383(d). Section 406(b), which governs payment of fees for work performed before the court, was not. *See Bowen v. Galbreath*, 485 U.S. 74, 75 (1988). However, in the Social Security Protection Act of 2004 (SSPA), Pub. L. No. 108-203, Congress incorporated all of § 406 into § 1383(d). Pub. L. No. 108-203, sec. 302(a).

-8-

B.  *Reasonableness of Contingent Fee Awards Under § 406(b).*

The Court must determine whether the requested fee is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The burden is on counsel for the successful claimant to show that the fee sought is reasonable for the services rendered. *Id.* "[T]he court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. The Court observed that the contingent fee may be reduced when the fee is not commensurate with "the character of the representation and the results . . . achieved" or when the past-due benefits "are large in comparison to the amount of time counsel spent on the case . . . ." *Id.*

In another case approving a contingent fee for a Social Security claimant's counsel, *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *2-5 (M.D. Fla. Sept. 30, 2008), I set forth a lengthy discussion of the reasonableness of contingent fee awards and the proper standards for their evaluation, concurring with the standard established in *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005). I adopt that analysis in this Report.

I find that Culbertson has established the reasonableness of his contingency fee under the analysis detailed in *McKee*. In support of his argument that the fees he seeks are reasonable, Culbertson submitted the contingent-fee agreement signed by Davis, Doc. No. 42-2, and schedules reflecting the hours he and his co-counsel worked in the case, Doc. No. 42-4. The Retainer Agreement limits the fees Culbertson may recover to 25% of any past-due benefits awarded, although it permits attorney's fees that exceed 25% of past-due benefits to the extent that the Court requires the government to pay a portion of the attorney's fees. However, Culbertson concedes that he must refund

to Davis the EAJA fee he receives. Accordingly, I find that the Retainer Agreement permits Culbertson to recover $14,766.10, which represents 25% of Davis' past-due benefits.

Culbertson asserts that he limits his practice almost exclusively to representing disabled people, that the results obtained in this case were the result of his work and expertise, and those results included Davis' receipt of Social Security Disability benefits, Medicare, and a substantial sum of retroactive benefits. Doc. No. 42 at 3.

A contingent-fee award of $14,766.10 is not unreasonable in light of the 25% statutory limit, contingent fee agreements in the Orlando legal market, the requirement that counsel refund the previously awarded EAJA fee, and contingent fee agreements permitted in other cases. *See Yarnevic*, 359 F. Supp. 2d at 1365-66 (citing contingent fee awards). Applying the foregoing general principles to this case, such an award would not constitute a windfall to Davis' counsel and I find it is reasonable.

## IV. RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court do the following:

1. **ORDER** that the Commissioner pay to Attorney Culbertson $3,311.53 in attorney's fees under the EAJA;

2. **ORDER** that Attorney Culbertson is authorized to charge and collect from Davis $14,766.10 in attorney's fees under § 406(b);

3. **ORDER** Attorney Culbertson to refund to Davis the entire amount of the EAJA fees, $3,311.53, immediately upon his receipt of same; and

4.     **ORDER** counsel for Davis to provide a copy of the Court's order to Davis.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 15th, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties